M&D Cycles v. American Honda Motor Co CV-01-355-JD   10/04/02

UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


M & D Cycles, Inc.

     v.                              Civil No. 01-355-JD
                                     Opinion No. 2002 DNH 176
American Honda Motor Co., Inc.


                          O R D E R


     American Honda Motor Co., Inc., moves for summary judgment
on the single claim that remains in this action.  In that claim,
M & D Cycles, Inc., d/b/a Depot Honda-Kawasaki ("Depot"), alleges
that Honda breached the part of the sales and service agreement
that requires the parties to deal fairly with each other.
Depot's claim arises from Honda's decision to locate a new
dealership in an adjoining county.

     As part of its opposition to Honda's motion for summary
judgment, Depot attaches the affidavit of its counsel seeking an
extension of time to pursue additional discovery pursuant to
Federal Rule of Civil Procedure 56(f).  Specifically, Depot seeks
charts, graphs, and maps used by Honda's zone and district sales
managers in a presentation this summer to Depot concerning sales.
Depot asserts that the materials it seeks are necessary to show
Depot's market area.

     "In order to 'savor the balm' of Rule 56(f), a party must

move for a discovery continuance in a timely fashion." Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999). The party seeking relief must also articulate a plausible reason to believe that the requested discovery will produce information that would raise a trialworthy issue. See Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 138 (1st Cir. 2001). In addition, "a party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful." C.B. Trucking, Inc. v. Waste Mgt., Inc., 137 F.3d 41, 44 (1st Cir. 1998).

In this case, Depot has submitted its objection to summary judgment but also seeks time to provide the sales presentation information. Depot contends that the presentation materials will show that Strafford County is considered to be part of Depot's sales territory, which, Depot argues, will refute a part of Honda's motion that asserts that Depot's market area is limited to Rye. Depot does not cite the part of Honda's motion that Depot claims asserts that Depot's market area is limited to Rye, and Honda does not appear to rely on that theory for summary judgment. Therefore, the requested discovery is not material to the issues in the motion and no further time to submit the sales presentation materials is necessary.

2

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(c). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law.'" Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000), (quoting Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The court views the evidence in the light most favorable to the nonmoving party. See Davila-Perez v. Lockheed Martin Corp., 202 F.3d 464, 466 (1st Cir. 2000).

## Background

The background facts are provided in the court's previous order on summary judgment, issued on July 8, 2002, and will not be repeated here. In summary, Depot operates a Honda dealership

---

[1]The parties mistakenly refer to whether "allegations" are undisputed.

in Rye, New Hampshire, under a sales and service agreement with Honda. The agreement provides, among other things, that Depot has a nonexclusive right to operate in Rye, permits Honda to appoint other dealers in Depot's market area, and designates certain Honda personnel as having the authority to vary the terms of the agreement including dealership location. The agreement also includes an express good faith and fair dealing provision.

The parties' dispute arose when a Honda dealer in Somersworth, New Hampshire, Strafford County, closed, leaving an open market area there. Depot hoped to operate in the Strafford County market area and was initially given an opportunity to achieve a thirty percent market share in that area within the first six months of 1997. Depot failed to meet that goal. Honda also considered applications for a new dealership to be located in Rochester, in Strafford County. Depot asked for an application for the dealership and was told that Honda's policy did not allow contiguous dealerships. Others submitted applications, and a dealership location was built in Rochester. During the time in question, William Pugh was Honda's district sales manager and Steven Nicholson was the zone manager.

Depot sought relief from the New Hampshire Motor Vehicle Industry Board, but Depot's protest was ultimately unsuccessful

when the Board dismissed it without prejudice.[2]  Depot then filed
suit against Honda in state court, and Honda removed the action
to this court.  Summary judgment was previously granted as to
Depot's claims of tortious interference with prospective economic
advantage, fraud, violation of N.H. Rev. Stat. Ann. ("RSA") §
357-C, and, in part, breach of contract.

## Discussion

Honda moves for summary judgment on the remaining breach of
contract claim.  Depot contends that "Honda misled Depot about
Honda's plans for Strafford County and about Honda's intent to
allow Depot to apply for its own motorcycle dealership in
Strafford County, all of which was unfair and lacked integrity to
Depot."  Objection at 9.  Honda argues that all of its actions
conformed to the provisions of the agreement.

Under New Hampshire law, a contract is interpreted as a
question of law based on the meaning that would be given to it by

---

[2]Honda again raises collateral estoppel, based on the
Board's proceedings, as a basis for summary judgment.  Since
those proceedings apparently ended in a dismissal without
prejudice, the Board's determinations do not have preclusive
effect.  See, e.g., Lombard v. United States, 194 F.3d 305, 311
(1st Cir. 1999); Nat'l R.R. Passenger Corp. v. Int'l Assoc. of
Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990);
LaRoche v. Doe, 1134 N.H. 562, 565 (1991).

5

a reasonable person.[3]  See Bezanson v. Hampshire Meadows Dev. Corp., 144 N.H. 298, 306 (1999).  The contract is to be considered as a whole to determine the parties' intent.  Robbins v. Salem Radiology, 145 N.H. 415, 417 (2000).  Absent ambiguity, however, the parties' intent will be determined from the plain meaning of the contract terms.  Royal Oak Realty Trust v. Mordita Realty Trust, 146 N.H. 578, 581 (2001).  Contract language is ambiguous only if the parties could reasonably disagree as to the meaning of the disputed term.  See N.A.P.P Realty Trust v. CC Enters., 784 A.2d 1166, 1168 (N.H. 2001).

The good faith and fair dealing provision is part of the first full paragraph of the parties' agreement, which provides as follows:

> American Honda and dealer have each entered into this agreement in reliance on the integrity and ability and expressed intention of each to deal fairly with the consuming public and with each other.

Depot argues that Honda breached the good faith and fair dealing provision by the following actions.  First, during the six-month period when Depot was attempting to achieve a thirty percent market share in Strafford County, Honda was considering a

---

[3]As the court noted in the order of July 8, 2002, although the parties' agreement includes a choice-of-law provision, the parties failed to invoke the provision or rely on the law of California, and, therefore, have been deemed to have waived that provision.

different dealer for that location because he employed Pugh's girlfriend. Second, Honda created an open point for a dealership in Strafford County for the benefit of a social acquaintance of Pugh and gave him preferential treatment. Third, Honda employees knew Depot's owner, Cynthia Mailloux, was interested in applying for the Strafford County dealership but did not tell her that Honda was negotiating with another applicant. Fourth, Nicholson told Mailloux that Honda would not accept her application because it would not allow one dealer to have contiguous dealership areas, when it had allowed another New Hampshire dealer to do so. Fifth, Nicholson told Mailloux that he would send an application to anyone else she suggested when he knew Honda had already signed a letter of intent. Sixth, Honda never disclosed that it solicited the employer of Pugh's girlfriend for the Rochester dealership. Honda asserts that because the agreement precluded Depot from relying on representations made by non-authorized personnel and because its decisions with respect to the Strafford County dealership were permitted by the agreement, none of the cited actions breached the good faith and fair dealing provision.

A good faith and fair dealing obligation limits the discretion of one party to an agreement only to the extent necessary to prevent that party from depriving the other party of the value of their agreement. See Hobin v. Coldwell Banker

<u>Residential Affiliates</u>, 144 N.H. 626, 631 (2000) (construing franchise agreement under California law); <u>Centronics Corp. v. Genicom Corp.</u>, 132 N.H. 133, 143 (1989). That obligation is breached if "'the defendant's exercise of discretion exceeded the limits of reasonableness.'" <u>Ahrendt v. Granite Bank</u>, 144 N.H. 308, 313 (1999) (quoting <u>Centronics</u>, 132 N.H. at 143). In analyzing the defendant's actions, the court looks to the purpose of the agreement to measure the reasonableness of the plaintiff's expectations in light of community standards of honesty and decency. <u>Id.</u>

The purpose, as stated in the parties' agreement, is "to set forth the rights and obligations which dealer will have as a retail seller of Honda products." The rights and obligations of the dealer are provided in the "Standard Provisions" incorporated into the agreement. Included within those provisions are specific terms relating to the appointment of dealers and the authority to vary the agreement and bind Honda.

Specific contract provisions take precedence over general prefatory provisions. <u>See Parkhurst v. Gibson</u>, 133 N.H. 57, 63 (1990). "'Where there is a repugnancy between general clauses and specific ones, the latter will govern; and even if there is no actual repugnancy if the words of the contract are taken literally, yet when from the whole instrument it appears that the

8

purpose of the parties was solely directed towards the particular matter to which the special clause or words relate, the general words will be restrained.'" Id. (quoting 4 Samuel Williston, A Treatise on the Law of Contracts § 619 (3d Ed. 1961)).

As is discussed in the July 8 order, the agreement specified the Honda personnel who were authorized to vary the agreement, to change dealership locations, and to make commitments on behalf of Honda. It is undisputed that neither Pugh nor Nicholson were so authorized.[4] A specific provision of the agreement also reserved Honda's right to appoint other authorized Honda dealers even within an existing dealer's market area.

The agreement granted Depot a nonexclusive right to operate a Honda dealership in Rye, New Hampshire. None of the cited actions interfered with Depot's right to operate that dealership. No promise was ever made, with or without authorization, that Depot would have Strafford County as its exclusive area or that

---

[4]Depot argues that because Honda permitted zone managers to explain Honda policy on contiguous markets, Honda necessarily authorized zone managers to make binding commitments on behalf of Honda. Depot also argues that because Honda objected to the deposition of one of the authorized personnel on the ground that he lacked knowledge of the facts at issue, Honda has admitted that it authorized other people to make binding commitments on behalf of Honda. Neither of those occurrences demonstrates that Honda authorized others to bind Honda or otherwise waived the authorization limitation in the agreement. The court does not find Depot's argument to be well-supported or persuasive.

it would be permitted to operate a dealership there.  It is undisputed that Depot was unsuccessful in its attempt to gain market share in Strafford County during the six-month trial period.  The record provides no evidence that Honda granted the new Rochester dealership an exclusive market in Strafford County or that Honda has excluded Depot from selling Honda products in Strafford County.

Based on the record presented for summary judgment, Depot has not shown a triable issue as to whether it had a reasonable expectation of an exclusive market in Strafford County or of locating a second dealership there.  Honda's exercise of its discretion, granted by the agreement, to locate a new dealership in Strafford County did not take away the benefit of Depot's bargain or otherwise violate the purpose of the agreement. Depot has failed to demonstrate that a triable issue remains on its claim that Honda breached the good faith and fair dealing provision in the parties' agreement.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (document no. 24) is granted.  The clerk of

10

court shall enter judgment in accordance with this order and the order of July 8, 2002, and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2002

cc: James P. Bassett, Esquire
    Brandon F. White, Esquire
    Robert D. Cultice, Esquire
    Richard B. McNamara, Esquire

11